Battle, J.
 

 "We are of opinion that the testator’s widow had the right to take all the articles of the kind mentioned in the 3rd item of his will. The testator makes no restriction upon her “ want” or “ desire,” and this Court has no right to do so ; but as she has made a choice of a part only of the articles designated, she must be content therewith.
 

 Under the 2nd item of the will, the widow claims one half of the negroes, upon the ground, that at the time of his death the testator had but one child, and the direction is that the
 
 *231
 
 negroes shall be equally divided between his “ wife and children.” Had the testator added nothing else, the widow’s claim might have been difficult to resist, because the children are spoken of as a class, and the death of one in the testator’s life-time would have left the survivors or survivor to answer the description. But at the time when he made his will, he had two children, one of whom died afterwards in his life-time, and he has provided for that event, by saying, that “ in case of the death of one of my children, leaving no lawful issue of her body, then, and in that case,” her share shall go to the remaining child or children. By using the feminine pronoun “ her,” the testator recognises that all the children he then had were females, but as he might have more, he makes the limitation over to them, not as a daughter or daughters, but as children. The death of one of his daughters being spoken of as a contingent event, it must necessarily be so in reference to some other event, and as no other is mentioned, the death of the testator must be taken as that event. The daughter having died before the testator, the will gives her share to her surviving sister, to the exclusion of her mother. See the case of
 
 Vass
 
 v.
 
 Freeman,
 
 decided at the present term, (ante 221,) where the subj ect of the period to which the survi vorship shall be referred is fully discussed. The late act which declares that
 
 “
 
 every will shall be construed, with reference to the real and personal estate comprised therein, to speak and take effect, as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will,” cannot aid the claim of the widow, because it applies only to the property named in it, and not to the legatees.
 

 The fund to be raised from the sale of land, the collection of notes, &c., which the first item requires to be divided equally between the testator’s wife and children, share and share alike, is, by the 2nd item, “ to be disposed of in like manner as the slaves mentioned in this item.” By this, we understand that it is to be subject to the same limitations and restrictions, and of course, in the event, which has occurred, of the
 
 *232
 
 death of one of the daughters in the testator’s life-time, her share will go to her surviving sister. „
 

 The articles mentioned in the 3rd item, not taken by the •widow, were directed to be sold, but the proceeds arising’ therefrom, are not disposed of, unless they can be construed to form a part of the fund bequeathed in the first item. "Whether it is so included or not, it is unnecessary to decide, for if it be a lapsed legacy it will be divided in the same manner as the other property; that is, the law will give to the widow one-third, and the remaining two-thirds to the child.
 

 A decree may he drawn in accordance with this opinion, and the executors will pay the costs of the suit'out.-of the estate in their hands.
 

 Pee Curiam, Decree accordingly.